Filed 10/1/20  P. v. Ceron CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058998 |
| v. | (Super. Ct. No. 01CF0449) |
| CARLOS ERNESTO CERON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant was involved in a romantic triangle.  When Luis Vega, the husband of his inamorata, was beaten to death outside his apartment as he left for work at four in the morning, appellant and the victim's wife fled the state.  It took over a year, but they were eventually tracked down and arrested – she in Arizona, he in Wisconsin.

They were both convicted of this crime after a jury trial, a conviction this court affirmed in 2005.  Appellant was convicted of conspiracy to commit murder and murder, with a special circumstance of lying in wait.

On January 8, 2019, appellant filed a petition seeking to vacate his murder conviction pursuant to subsequently-enacted Penal Code[1] section 1170.95.  That petition was denied by the trial court on the basis that it did not "set forth a prima facie case for relief under the statute."  The statute provides for relief for petitioners convicted of murder under a felony murder or natural and probable consequences theory.  Since the complaint filed against petitioner was not based upon either of those theories, the court ruled he was not entitled to relief.

Appellant appealed, and we appointed counsel to represent him.  Counsel filed a brief which set forth the procedural facts of the case.  Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success.  Appellant was invited to express his own objections to the proceedings against him but did not do so.

We find ourselves in agreement with appellate counsel.  There is simply no issue here.  Appellant's Hail Mary fails because section 1170.95 applies only to cases in which there was a conviction "under a theory of felony murder or murder under the natural and probable consequences doctrine."  (*Id.*, subd. (a)(1).)  But neither of these doctrines was applied in appellant's case.  The prosecution theory in his case was that he lay in wait for the victim and attacked him with a metal club or baseball bat.  The jury

---

[1] All further statutory references are to the Penal Code.

2

was instructed on premeditation and deliberation and found him guilty.  None of that implicates felony murder or natural and probable consequences reasoning.

With the aid of the briefing submitted by counsel, we not only considered the application of section 1170.95 to appellant's case but also scoured the short record for any other mistakes, as we are required to do when appellate counsel reports an inability to find an appellate issue.   (*People v. Wende* (1979) 25 Cal.3d 436.)  We have been unable to find any other issues that might be argued in appellant's behalf.  Our review is limited to issues pertaining to his section 1170.95 petition, and we can find no flaw in the handling of that.

The order is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

FYBEL, J.